Case No.: 8:24-cv-00184-DLB

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

BARBARA ANN KELLY,

*Appellant*,

v.

NAPLES PROPERTY HOLDING COMPANY, LLC, ET AL.,

*Appellees*.

Appeal from the United States Bankruptcy Court
for the District of Maryland
Case No.: 23-12700

## APPELLANT BARBARA ANN KELLY'S REPLY BRIEF

Barbara Ann Kelly, *pro se*
700 Gulf Shore Blvd. N.
Naples, Florida 34102
(301) 325-3528
*bakellymyers@verizon.net*

July 18, 2024

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES...................................................................................... 2

ARGUMENT............................................................................................................. 4

The bankruptcy court erred by denying Barbara Ann Kelly's ("Ms. Kelly") Notice Of Voluntary Dismissal [Appellant # 32] as "moot," and instead, entered an order dismissing Ms. Kelly's case with prejudice and barring refiling for four years after said order becomes final and non-appealable......................................................... 4

The bankruptcy court erred by granting prospective relief to the NBC Entities US Bank and directing each of those parties to record an encumbrance and "equitable servitude" on entireties property owned by Ms. Kelly and Gregory B. Myers ("Mr. Myers") ..................................................................................................................... 14

CONCLUSION AND RELIEF SOUGHT ............................................................. 17

# TABLE OF AUTHORITIES

**Cases:**

*Alvarez v. HSBC Bank USA, N.A. (In re Alvarez),*
733 F.3d 136 (4th Cir. 2013)

*Carolin Corp. v. Miller,*
886 F.2d 693 (4th Cir. 1989)

*Clearstory Co. v. Blevins,*
225 B.R. 591 (D. Md. 1998)

*Frieouf v. United States (In re Frieouf),*
938 F.2d 1099, 1103 (10th Cir. 1991)

*Haas v. Internal Revenue Service* (*In re Haas*),
48 F.3d 1153, 1156 (11th Cir. 1995)

*In re Barbieri,*
199 F.3d 616, 619 (2d Cir. 1999)

*In re Campbell,*
No. 07-457, 2007 WL 4553596, * (N.D. W. Va. Dec. 18, 2007)

*In re Chappelle,*
2000 Bankr. LEXIS 1910 (Bankr. D.C. April 3, 2000)

*In re Fisher,*
No. 14-61076, 2015 WL 1263354, at *6 (Bankr. W.D. Va. Mar. 19, 2015)

*In re Ford,*
3 B.R. 559, 575 (Bankr. D. Md. 1980)

*In re Hamlin,*
No. 09-05272-8-SWH, 2010 WL 749809 (Bankr. E.D.N.C. Mar. 1, 2010)

*In re Jacobs,*
401 B.R. 202 (Bankr. D. Md. 2008)

*In re Minogue*,
632 B.R. 287 (Bankr. D.S.C. 2021)

*In re Nichols*,
10 F.4th 956, 2021 WL 3891571, at *5 (9th Cir. 2021)

*In re Smith*,
999 F.3d 452, 455 (6th Cir. 2021)

*Law v. Siegel*,
571 U.S. 415 (2014)

*Marrama v. Citizens Bank of Mass.*,
549 U. S. 365–376 (2007)

*United States v. Ron Pair Enterprises, Inc.*,
489 U.S. 235, 109 S.Ct. 1026, 1030-31, 103 L.Ed.2d 290 (1989).

# ARGUMENT[1]

**Ms. Kelly argued in her opening brief that the bankruptcy court erred by denying her Notice of Voluntary Dismissal [Appellant #32] as "moot," and instead, entered an order dismissing Ms. Kelly's case with prejudice and barring refiling for four years after said order becomes final and non-appealable.**

Ms. Kelly argued in her opening brief that pursuant to 11 U.S.C. § 1307(b), she had an absolute and unqualified right to dismiss her Chapter 13 case. *See In re Nichols*, 10 F.4th 956, 2021 WL 3891571, at *5 (9th Cir. 2021) ("Section 1307(b)'s text plainly requires the bankruptcy court to dismiss the case upon the debtor's request. There is no textual indication that the bankruptcy court has any discretion whatsoever."); *In re Smith*, 999 F.3d 452, 455 (6th Cir. 2021) ("By its plain terms,…[section 1307(b)] is mandatory: upon the debtor's request, subject to one exception not applicable here (namely that the case was not converted to Chapter 13 from another chapter), the court 'shall dismiss' a Chapter 13 case."); *In re Barbieri*, 199 F.3d 616, 619 (2d Cir. 1999) ("Section 1307(b) unambiguously requires that if a debtor 'at any time' moves to dismiss a case that has not previously been converted, the court 'shall' dismiss the action. The term 'shall,' as the Supreme Court has reminded us, generally is mandatory and leaves no room

---

[1] The bankruptcy court implicitly ruled at the July 10, 2023, hearing in this case that "eligibility issues" under 11 U.S.C. § 109(g) are mooted by Ms. Kelly's Notice of Voluntary Dismissal pursuant to 11 U.S.C. § 1307(b), stating "[i]f you want to talk about the eligibility issues, we can. I'm not sure how important they are, if everyone agrees the case should be dismissed." Hearing Transcript (Doc. 24-1).

4

for the exercise of discretion by the trial court."). *See also In re Fisher*, No. 14-61076, 2015 WL 1263354, at *6 (Bankr. W.D. Va. Mar. 19, 2015) (holding that § 1307(b) provides a Chapter 13 debtor with an absolute and unqualified right to dismiss an unconverted Chapter 13 case voluntarily); *In re Hamlin*, No. 09-05272-8-SWH, 2010 WL 749809 (Bankr. E.D.N.C. Mar. 1, 2010) (recognizing that Chapter 13 debtors had unqualified right to dismiss their Chapter 13 case before confirmation of their Chapter 13 plan); *In re Campbell*, No. 07-457, 2007 WL 4553596, * (N.D. W. Va. Dec. 18, 2007) ("Regarding this split of authority, this court concludes that a debtor's right to voluntarily dismiss a Chapter 13 case under § 1307(b) is absolute and is not conditioned by § 1307(c)."); and *Clearstory Co. v. Blevins*, 225 B.R. 591 (D. Md. 1998) ("Section 1307(b) is unequivocal in stating that the debtor may request dismissal 'at any time' and that when such a request is made, the court 'shall' dismiss the case.").

The Appellees argue that even when a case is dismissed by a debtor under Section 1307(b), "the bankruptcy court may impose restrictions or limitations on the dismissal" pursuant to Sections 1307(c), 349(a), and 105(a) of the Bankruptcy Code.[2] Ms. Kelly disagrees.

---

[2] The bankruptcy court's order dismissing Ms. Kelly's case "with prejudice" is not one denying Ms. Kelly the right to seek to discharge her debts in the future, but rather, prohibits Ms. Kelly from filing another bankruptcy case for some period of time.

5

Section 349(a) of the Bankruptcy Code provides:

**(a)** Unless the court, for cause, orders otherwise, the dismissal of a case under this title does not bar the discharge, in a later case under this title, of debts that were dischargeable in the case dismissed; nor does the dismissal of a case under this title prejudice the debtor with regard to the filing of a subsequent petition under this title, *except as provided in section 109(g) of this title.*

11 U.S.C. § 349(a) (emphasis supplied).

Section 349(a) contains two separate clauses, separated by a semicolon, addressing two distinct concerns. The first clause states that the dismissal does not usually bar a later discharge of debts. The second clause, relevant here, states that the dismissal does not prejudice a debtor with respect to later filings. The qualifying phrase ("[u]nless the court, for cause, orders otherwise") in § 349(a) applies *only* to the clause preceding the semi-colon. *See Frieouf v. United States ( In re Frieouf)*, 938 F.2d 1099, 1103 (10th Cir. 1991), *cert. denied*, 502 U.S. 1091, 112 S.Ct. 1161, 117 L.Ed.2d 408 (1992) (section 349(a) consists of two clauses, separated by a semicolon and addressing two distinct concerns). The plain language of 349(a) expressly limits the prejudicial impact of a dismissal to that provided in §109(g), and any other reading of section 349(a) is contrary to the language and punctuation used by Congress. *Id*; *see also United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 109 S.Ct. 1026, 1030-31, 103 L.Ed.2d 290 (1989).

At the July 10, 2023, hearing in the bankruptcy case (the "July Hearing"), the bankruptcy court opined, "there's ample case law including the Supreme

Court's Marrama decision, the 4th Circuit's Carolin Corp. decision that allow this Court to examine cases for good faith, and since the issue of good faith has been raised in the movant's pleadings, the Court is, as part of the request for dismissal, will be considering whether Ms. Kelly has acted in good faith." Hearing Transcript (Doc. 24-1).

First, the Fourth Circuit's decision in *Carolin Corp. v. Miller*, 886 F.2d 693 (4th Cir. 1989), concerns a "Chapter 11 bankruptcy petition" where the court held that "a bankruptcy court may dismiss *such a petition* for want of good faith in its filing, but only with great caution and upon supportable findings both of the objective futility of any possible reorganization and the subjective bad faith of the petitioner *in invoking this form of bankruptcy protection*" (emphasis supplied). Ms. Kelly did not file a Chapter 11 bankruptcy petition, thus the decision in *Carolin Corp.* is factually and legally irrelevant to the issues which are the subject of this case.

Some twenty-five years after the Fourth Circuit decided *Carolin Corp.*, the Supreme Court decided *Law v. Siegel*, 571 U.S. 415 (2014), holding:

> A bankruptcy court has statutory authority to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of" the Bankruptcy Code. 11 U. S. C. §105(a). And it may also possess "inherent power . . . to sanction 'abusive litigation practices.'" Marrama v. Citizens Bank of Mass., 549 U. S. 365–376

> (2007).[3] **But in exercising those statutory and inherent powers, a bankruptcy court may not contravene specific statutory provisions.**
>
> It is hornbook law that §105(a) "does not allow the bankruptcy court to override explicit mandates of other sections of the Bankruptcy Code." 2 Collier on Bankruptcy ¶105.01[2], p. 105–6 (16th ed. 2013). Section 105(a) confers authority to "carry out" the provisions of the Code, but it is quite impossible to do that by taking action that the Code prohibits. **That is simply an application of the axiom that a statute's general permission to take actions of a certain type must yield to a specific prohibition found elsewhere.** See Morton v. Mancari, 417 U. S. 535 –551 (1974); D. Ginsberg & Sons, Inc. v. Popkin, 285 U. S. 204 –208 (1932). **Courts' inherent sanctioning powers are likewise subordinate to valid statutory directives and prohibitions.** Degen v. United States, 517 U. S. 820, 823 (1996); Chambers v. NASCO, Inc., 501 U. S. 32, 47 (1991). We have long held that "whatever equitable powers remain in the bankruptcy courts must and can only be exercised within the confines of" the Bankruptcy Code. Norwest Bank Worthington v. Ahlers, 485 U. S. 197, 206 (1988); see, e.g., Raleigh v. Illinois Dept. of Revenue, 530 U. S. 15 –25 (2000); United States v. Noland, 517 U. S. 535, 543 (1996); SEC v. United States Realty & Improvement Co., 310 U. S. 434, 455 (1940).

(Emphasis supplied).

The Supreme Court also clarified that "Marrama most certainly did not endorse, even in dictum, the view that equitable considerations permit a bankruptcy court to contravene express provision of the Code." *Id.* Because Section 1307(b) is the more specific provision of the two, it trumps the more

---

[3] *Marrama* concerns a "petition under Chapter 7 of the Bankruptcy Code" and a "request to convert" — neither of which are applicable to Ms. Kelly's case.

8

general language of Section 1307(c). "That is simply an application of the axiom that a statute's general permission to take actions of a certain type must yield to a specific prohibition found elsewhere." *Id*. In applying *Law v. Siegel*, other courts have concluded that the express language of 11 U.S.C. § 1307(b), which provides that a court "shall" dismiss an unconverted Chapter 13 case, is mandatory and not subject to the good faith considerations that the Supreme Court applied to the conversion rights provided by 11 U.S.C. § 706(a) in *Marrama*.

At the July Hearing, the bankruptcy court said, "[Ms. Kelly's] moved to dismiss her case, which she's entitled to do, *and the Court has to decide what happens next*." Hearing Transcript (Doc. 24-1). The answer to "*what happens next*" is controlled by the Supreme Court's holding in *Law v. Siegel* and the express language of 11 U.S.C. § 1307(b), which provides a Chapter 13 debtor with an absolute right to dismiss his or her unconverted Chapter 13 case, and there is no judicial discretion to grant or deny such a motion *despite* alleged bad faith conduct by a Chapter 13 debtor. *See, e.g., Clearstory Co. v. Blevins*, 225 B.R. at 592.

The following exchange between the bankruptcy court and Gregory B. Myers ("Mr. Myers") at the July Hearing is enlightening:

> THE COURT: You're telling me I cannot place restrictions on a dismissal of a Chapter 13 case, and 105(A) says that I am to enter any orders that I deem appropriate to prevent an abuse of the process. That's what they're arguing for.
> \*\*\*

9

THE COURT: *I'm not aware of a single case* that says a Chapter 13 case must be dismissed when a Debtor says she wants the case dismissed and that the Court cannot place restrictions on it.
\*\*\*

MR. MYERS: [Section 349(a) of the Bankruptcy Code] says if this case is dismissed, it will be with a 180-day bar to (indiscernible) filing pursuant to 11 U.S.C. 109(G)([2]). That provision is in the code. If [Ms. Kelly's] Chapter 11 case, which is on appeal, but be that as it may, for purposes of this hearing it's a case that was filed within the previous year, then that's an automatic 180-day bar.

THE COURT: That's an automatic 180-day bar, *but it doesn't preclude the Court from issuing other prospective relief.*

MR. MYERS: Well, I guess that's the point where you're saying that you can take a provision of the Bankruptcy Code that says you shall dismiss it, another provision of the Bankruptcy Code that deals with a dismissal with[in] one year, *and then you can basically add on to it.* And I would say to you [that] the majority of decisions in this country from the various circuits would support me and not this notion that you can add things onto it. They all basically say, look, if a Debtor -- it's a voluntary process. If a Debtor files a notice of voluntary dismissal and requests their case to be dismissed, *the Court has no discretion.* It says shall dismiss it. That's the majority opinion.
\*\*\*

THE COURT: Now, Mr. Myers, I'm looking at 1307B and it says on the request – on request of the Debtor at any time, if the case has not been converted under these other sections, the Court shall dismiss the case under this chapter. *Well, the Court is certainly inclined to dismiss this case. The question is whether the dismissal should be with prospective relief.* So, there's nothing in 1307B that says -- and actually the other side cited to case law that said that although a Debtor asked for dismissal, the Court chose not to dismiss. So, you're trying to handcuff the Court by looking at one sentence but not considering the rest of the law interpreting that sentence. So, there's plenty of case law and you heard it from the movants. They cited probably a dozen cases saying that this Court has the authority to do exactly what they're asking. If you have case law that says this Court doesn't have that authority *other than Law v. Siegel*, I'd love to hear it.

(Emphasis supplied). Hearing Transcript (Doc. 24-1).

10

Section 1307(b) provides "[a]ny waiver of the right to dismiss under this subsection is unenforceable," yet the bankruptcy court has taken the position that it has the authority to issue a filing injunction in the context of approving a debtor's § 1307(b) voluntary dismissal because nothing in the Bankruptcy Code's express terms "precludes it" (i.e., "That's an automatic 180-day bar, *but it doesn't preclude the Court from issuing other prospective relief*."). Hearing Transcript (Doc. 24-1). However, that logic is patently fallacious. For example, 11 U.S.C. § 349(a) provides "nor does the dismissal of a case under this title *prejudice the debtor* with regard to the filing of a subsequent petition under this title, **except as provided in section 109(g) of this title**." That is Congress saying the **only** prejudice that can accrue to a debtor in the context of a § 1307(b) voluntary dismissal is limited to that "*provided in section 109(g) of this title.*" Pursuant to statutory construction canon *expressio unius est exclusio alterius* (meaning the expression of one thing is the exclusion of all others), Congress made a deliberate choice to preclude the bankruptcy court from issuing "other prospective relief" (i.e., other sanctions which would "prejudice the debtor"). *See, e.g., Haas v. Internal Revenue Service* (*In re Haas*), 48 F.3d 1153, 1156 (11th Cir. 1995), which is instructive here:

> **Where Congress knows how to say something but chooses not to, its silence, is controlling.** *BFP v. Resolution Trust Corp.*, ___ U.S. ___, ___, 114 S.Ct. 1757, 1761, 128 L.Ed.2d 556 (1994) ("`[I]t is generally presumed that Congress acts intentionally and purposely when it includes particular language in one section of a statute but omits it in another,' and that presumption is even stronger when the omission entails the replacement of standard legal terminology with a neologism.") (citation omitted) (quoting *Chicago v. Environmental Defense Fund,* 511 U.S. ___, ___, 114 S.Ct. 1588, 1593, 128 L.Ed.2d 302 (1994)); *United States v. Jordan,* 915 F.2d 622, 628 (11th Cir. 1990) ("`"[W]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposefully in the disparate inclusion or exclusion."'" (quoting *Rodriguez v. United States,* 480 U.S. 522, 525, 107 S.Ct. 1391, 1393, 94 L.Ed.2d 533 (1987) (per curiam))), *cert. denied,* 499 U.S. 979, 111 S.Ct. 1629, 113 L.Ed.2d 725 (1991). *Cf. Andrus v. Glover Constr. Co.,* 446 U.S. 608, 616-17, 100 S.Ct. 1905, 1910, 64 L.Ed.2d 548 (1980) ("Where Congress explicitly enumerates certain exceptions to a general prohibition, additional exceptions are not to be implied, in the absence of evidence of a contrary legislative intent.").

(Emphasis supplied).

Ms. Kelly argued in her opening brief and in her papers filed in her bankruptcy case that the bankruptcy court's finding of bad faith was clearly erroneous—that there was no bad faith in connection with her petition. At the July Hearing, Mr. Myers said there "seems to be a concept that bankruptcy attorneys use that if you take advantage of the provisions that Congress has provided to you as a Debtor, they automatically paint [you] as being in bad faith. In other words, you walk into this Court as a Debtor, boom, you're automatically doing something in bad faith." Hearing Transcript (Doc. 24-1). In response, the bankruptcy court

(Ruark, J) said, "So, you're correct. Whenever somebody comes in and says, oh, bad faith, they're trying to stop a foreclosure, *I always think of course they're trying to stop a foreclosure, that's what Chapter 13 is for . . .*" *Id.* Yet, the bankruptcy court in its Memorandum Opinion [Appellant #] condemned Ms. Kelly's "use [of] the bankruptcy system...to ward off foreclosure proceedings" as constituting "bad faith."

Ms. Kelly *did* challenge the bankruptcy court's factual findings underpinning the bankruptcy court's determination that she filed her case in bad faith, and Ms. Kelly disputes any assertion that she has acted in bad faith in connection with her bankruptcy case or any other legal proceeding. Ms. Kelly's pre-petition conduct is *outside* the scope of the Bankruptcy Act, and it was an abuse of discretion for the bankruptcy court to base its so-called "factual findings" on other cases in which Ms. Kelly may have been involved. Furthermore, Mr. Myers's alleged conduct is wholly irrelevant as Mr. Myers is not a debtor in Ms. Kelly's bankruptcy case.

Perhaps what is most troubling is that notwithstanding Ms. Kelly filed her Notice of Voluntary Dismissal pursuant to 11 U.S.C. § 1307(b) on July 7, 2023, she was "held captive" in a Chapter 13 case from July 7, 2023, through December 11, 2023, against her will and in violation of the Thirteenth Amendment to the United States Constitution.

**Ms. Kelly argued in her opening brief that the bankruptcy court erred by granting prospective relief to various parties-in-interest including the NBC Entities[4] and US Bank[5] and directing each of those parties to record an encumbrance and "equitable servitude" on entireties property owned by Ms. Kelly and Mr. Myers.**

Ms. Kelly argued in her opening brief that the bankruptcy court erred by entering orders that purport to grant *in rem* relief in connection with real property owned by Ms. Kelly and Mr. Myers as tenants by the entireties.

The ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY, GRANTING PROSPECTIVE RELIEF FOR FOUR YEARS AFTER THIS ORDER BECOMES FINAL AND NONAPPEALABLE, AND DIRECTING NBC ENTITIES TO RECORD ORDER IN LAND RECORDS (Doc. 107) granted, *inter alia*, the following *in rem* relief:

> ORDERED, that pursuant to Section 105(a) of the Bankruptcy Code, an equitable servitude is imposed effective immediately upon entry of this Order and continuing for a period of four years after the date that this Order becomes final and nonappealable (*i.e.*, the date that is four years after the date that any appeals related to this Order are finally resolved) with respect to any and all real property in which Ms. Kelly has an ownership and/or possessory interest including, but not limited to, (i) 750 Gulf Shore Boulevard North, Naples, Florida 34102; (ii) 4505 Wetherill Road, Bethesda, Maryland 20816; (iii) 147 Silver Laurel Way, Santa Rosa Beach, Florida 32459; (iv) Lot 13/Seaside 15

---

[4] Naples Property Holding Company, LLC; Naples Beach Club Land Trust Trustee, LLC, as Trustee; Naples Beach Club Phase II and III Land Trust Trustee, LLC, as Trustee; and NBC Club Owner, LLC (collectively, the "NBC Entities").
[5] U.S. Bank N.A., Successor Trustee to Bank of America, N.A., Successor in Interest to LaSalle Bank N.A., as Trustee, on Behalf of the Holders of the WAMU Mortgage Pass-Through Certificates, Series 2007-OA4 Trust, serviced by Select Portfolio Servicing, Inc. ("U.S. Bank").

> Subdivision, XXX Wakula Lane, Santa Rosa Beach, Florida 32459; and (v) the lot located at The Villages at Seagrove PUD, Santa Rosa Beach, Florida 32459 (collectively, the "Kelly Properties"); and it is further
>
> ORDERED, that pursuant to Section 105(a) of the Bankruptcy Code, the automatic stay imposed by Section 362(a) of the Bankruptcy Code shall not apply to any of the Kelly Properties in any bankruptcy case filed in any jurisdiction of the United States by any individual and/or entity asserting an interest in any of the Kelly Properties effective immediately upon entry of this Order and continuing for a period of four years after the date that this Order becomes final and nonappealable (*i.e.*, the date that is four years after the date that any appeals related to this Order are finally resolved); and it is further
>
> ORDERED, that the NBC Entities are directed to record a copy of this Order in compliance with applicable state laws governing notices of interests or liens in real property in Collier County, Florida, and they are authorized to record the Order in any other jurisdiction in which the NBC Entities believe Ms. Kelly may have an ownership and/or possessory interest in real property;

The ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY, GRANTING PROSPECTIVE RELIEF FOR FOUR YEARS AFTER THIS ORDER BECOMES FINAL AND NONAPPEALABLE, AND DIRECTING U.S. BANK TO RECORD ORDER IN LAND RECORDS (Doc. 108) granted, *inter alia*, the following *in rem* relief:

> ORDERED, that pursuant to Section 105(a) of the Bankruptcy Code, an equitable servitude is imposed effective immediately upon entry of this Order and continuing for a period of four years after the date that this Order becomes final and nonappealable (*i.e.*, the date that is four years after the date that any appeals related to this Order are finally resolved) with respect to any and all real property in which Ms. Kelly has an ownership and/or possessory interest including, but not limited to, (i) 750 Gulf Shore Boulevard North, Naples, Florida 34102; (ii)

15

4505 Wetherill Road, Bethesda, Maryland 20816; (iii) 147 Silver Laurel Way, Santa Rosa Beach, Florida 32459; (iv) Lot 13/Seaside 15 Subdivision, XXX Wakula Lane, Santa Rosa Beach, Florida 32459; and (v) the lot located at The Villages at Seagrove PUD, Santa Rosa Beach, Florida 32459 (collectively, the "Kelly Properties"); and it is further

ORDERED, that pursuant to Section 105(a) of the Bankruptcy Code, the automatic stay imposed by Section 362(a) shall not apply to any of the Kelly Properties in any bankruptcy case filed in any jurisdiction of the United States by any individual and/or entity asserting an interest in the Kelly Properties effective immediately upon entry of this Order and continuing for a period of four years after the date that this Order becomes final and nonappealable (*i.e.*, the date that is four years after the date that any appeals related to this Order are finally resolved); and it is further

ORDERED, that U.S. Bank is directed to record a copy of this Order in compliance with applicable state laws governing notices of interests or liens in real property in Montgomery County, Maryland, and it is authorized to record the Order in any other jurisdiction in which it believes Ms. Kelly may have an ownership and/or possessory interest in real property;

The entireties property owned by Ms. Kelly and Mr. Myers was not "property" of Ms. Kelly's bankruptcy estate under 11 U.S.C. § 541. *See Alvarez v. HSBC Bank USA, N.A. (In re Alvarez)*, 733 F.3d 136 (4th Cir. 2013) ("when an individual who owns property in a tenancy by the entirety files for bankruptcy, '[t]he asset which becomes part of the [bankruptcy] estate is only [the debtor's] interest'") (quoting *In re Ford*, 3 B.R. 559, 575 (Bankr. D. Md. 1980)) (alterations in original). *See also In re Jacobs*, 401 B.R. 202 (Bankr. D. Md. 2008) ("The military pension is not property of the estate, either because it is exempt or because

it is Rosemarie's property. *In either case, this Court does not have jurisdiction to determine rights relative to it*.") (emphasis supplied).

The Due Process Clause of the U.S. Constitution provides that nobody may be deprived of life, liberty, or property without due process of law. Here—in the absence of a complaint and summons served on Ms. Kelly and Mr. Myers to afford them Constitutional due process—the bankruptcy court intentionally acted outside its subject matter jurisdiction by entering *in rem* orders (i.e., Doc. 107; Doc 108) against entireties property owned by Ms. Kelly and Mr. Myers. *See In re Chappelle*, 2000 Bankr. LEXIS 1910 (Bankr. D.C. April 3, 2000) (adversary proceeding is required to accomplish in rem order with respect to property interest of a non-debtor). And while perhaps self-evident, the law does not permit the bankruptcy court to confer subject matter jurisdiction on itself by virtue of its own unlawful act.

## CONCLUSION AND RELIEF SOUGHT

For the reasons stated above and in Appellant's opening brief, all orders on appeal must be reversed.

RESPECTFULLY SUBMITTED on this 18th day of July, 2024.

_____
Barbara Ann Kelly, *pro se*
700 Gulf Shore Blvd. N.
Naples, Florida 34102
(301) 325-3528
*bakellymyers@verizon.net*

17

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 18, 2024, a copy of the foregoing APPELLANT BARBARA ANN KELLY'S REPLY BRIEF was electronically filed with the Clerk of the District Court and a copy of same was served by first class U.S. Mail, postage prepaid, upon the following parties:

Rebecca A. Herr, Esq.
Chapter 13 Trustee
185 Admiral Cochrane Drive, Suite 240
Annapolis, Maryland 21401

Catherine Keller Hopkin, Esq.
YVS Law, LLC
185 Admiral Cochrane Drive, Suite 130
Annapolis, Maryland 21401

Daniel A. Glass, Esq.
Eckert Seamans Cherin & Mellott, LLC
1717 Pennsylvania Avenue, NW
Suite 1200
Washington, DC 20006

_____
Barbara Ann Kelly, *pro se*